UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL NO. 3:03CV580-GCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **FINAL JUDGMENT** |
| | ) | **OF FORFEITURE IN REM** |
| REAL PROPERTY LOCATED AT 6124 | ) | |
| MARY LANE DRIVE, SAN DIEGO, | ) | |
| CALIFORNIA | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on the government's motion under Fed. R. Civ. P. 54(b), 55(b)(2), 56, and 58(b) for a final judgment of forfeiture in rem against the defendant property.

THE COURT FINDS THAT:

1. A verified complaint for forfeiture in rem of the defendant property was filed on December 3, 2003, together with a supporting affidavit of Special Agent Floyd S. Mitchell of the Internal Revenue Service - CID. This Court found probable cause for forfeiture and issued an order directing the government to file a lis pendens giving record notice of this action and to serve and publish notice as required by law.

2. Process was fully issued in this action and returned according to law. As shown by the Department of Treasury Process Receipt and Return Form ("process form") filed herein on May 24, 2004, notice of this action was posted at the defendant property on December 17, 2003. Also, pursuant to this Court's order, as shown by the process forms filed herein on February 13, 2004, notice of this action was published in the San Diego Commerce, a newspaper of general circulation, on January 2, 9, and 16, 2004, as well as in the Mecklenburg Times. Therefore, this Court's jurisdiction in rem has been duly established, see 18 U.S.C. §985(c), and notice has been give to all persons in the world in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and its predecessor.

3. According to the record, title to the defendant property is held in the names of James Munson and Ann M. Munson. It appears from the record that James Munson ("Munson"), who was convicted in a related criminal case, had actual knowledge of this case since at least February 2, 2006. See Motion filed June 18, 2007. He has filed pro se motions

and other papers herein, but he has never filed a verified claim, nor did he request leave to file a claim out of time until more than 16 months after he knew about this case. See Motion filed July 6, 2007, which this Court denied on August 7, 2007. As the Court stated in its order filed on January 14, 2008, Munson "neither filed a timely claim in this matter nor can he claim to be an innocent owner of the property, therefore, he is not a party to this case." He is therefore subject to default, along with all other persons in the world except Ann M. Munson and IndyMac Federal Bank, FSB, as discussed below, and his record title to the defendant property is subject to a final judgment of forfeiture in rem.

5. Ann M. Munson ("claimant") filed a timely claim and an answer. On July 29, 2008, this Court entered an order granting the government's motion for summary judgment as to claimant. The Clerk entered judgment pursuant to this order on August 4. After further pleadings, this Court entered an amended order on August 20, again granting the government's motion for summary judgment against claimant.

6. IndyMac Federal Bank, FSB ("lender") is the holder of a deed of trust on the defendant property, as shown on the Stipulated Expedited Settlement Agreement (the "stipulation") submitted with the government's motion. As reflected in the stipulation, the government and lender have resolved all issues by consent and agree that lender shall be paid upon entry of a final judgment of forfeiture, in accordance with the terms and conditions of the stipulation.

7. Based on the record in this case, as summarized above, all claims and issues before the Court have been properly and fully determined. No other person has filed a claim or answer within the time required by the complaint, the public notice, or the Supplemental Rules.

8. Based on the pleadings, the Court's previous finding of probable cause, the Court's determination of all matters duly raised herein by claimant, the stipulation as to lender, and the default of all other persons in the world, the United States is entitled to a judgment of forfeiture in rem against the defendant property.

BASED ON THE FOREGOING FINDINGS, THE COURT CONCLUDES that the government is entitled to a final judgment of forfeiture in rem against the defendant property.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The government's motion for judgment of forfeiture in rem is hereby granted.

2. Any and all right, title and interest of all persons in the world in or to the following property is hereby forfeited to the United States; and no other right, title, or interest shall exist therein:

**Real property located at 6124 Mary Lane Drive, San Diego, California, and all improvements and appurtenances affixed thereto, as more particularly**

described in a grant deed dated January 10, 2002, and recorded on January 16, 2002, in the San Diego County Recorder's Office, DOC # 2002-0037009. The defendant is also described as Lot 170 of Collwood Park Unit No. 2, in the City of San Diego, County of San Diego, State of California, according to map thereof No. 2495, filed in the office of the County Recorder of San Diego County, August 11, 1948.

3. The United States is hereby directed to dispose of the forfeited defendant property as provided by law.

Signed: October 22, 2008

Graham C. Mullen
United States District Judge